ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

DEC 10 2019

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLA B. GAINES | Criminal Indictment<br><br>No. 1:19CR510 |

THE GRAND JURY CHARGES THAT:

**Counts One through Ten**
**(Wire Fraud)**

1. Beginning on a date unknown, but continuing through at least in or about June 2018, in the Northern District of Georgia and elsewhere, the defendant, CARLA B. GAINES, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

Background

2. At relevant times to this Indictment, defendant GAINES was a licensed attorney in the State of Georgia.

3. Clayton County, Georgia was a local government that each year from 2014 through 2016 received benefits in excess of $10,000 under a federal program

involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance.

4. Kelete, Inc., was a Georgia corporation that operated a business and owned property in College Park, Georgia.

## Scheme to Defraud

5. Defendant GAINES, acting as an escrow agent for Clayton County, stole approximately $337,400 that she had received from Clayton County to hold in escrow for payment to Kelete. After unlawfully converting the money entrusted to her, defendant GAINES made misrepresentations to Clayton County and Kelete to lull them into believing that she still had the money and would be paying it over to Kelete as required.

6. In 2014, Clayton County and Kelete entered into an Agreement to Purchase Real Estate, under which Kelete agreed to sell a right of way or easement rights through Kelete's property to Clayton County for $712,400.

7. Defendant GAINES was retained to serve as the escrow agent for this real estate transaction. Clayton County transferred $712,400 (plus a $796 administrative fee) to defendant GAINES for her to hold in escrow and complete the transaction.

8. In or about November 2015, Clayton County and Kelete closed the real estate transaction. As provided in the Settlement and Disbursement Statement, defendant GAINES, acting on behalf of Clayton County, paid $250,000 to Kelete and $125,000 to a bank for Kelete at the time of closing.

9. Under the Settlement and Disbursement Statement, defendant GAINES was required to hold the remaining $337,400 in escrow until Kelete removed or demolished certain trade fixtures and improvements on the property. Defendant GAINES was required to pay Kelete the $337,400 when Kelete completed the removal or demolition.

10. In or about March 2016, Kelete completed the removal or demolition of the trade fixtures and improvements. Kelete notified Clayton County and defendant GAINES of the required removal or demolition and requested the remaining payment of $337,400.

11. Despite Kelete's completion of the required work, defendant GAINES did not pay Kelete the $337,400. Kelete and Clayton County made repeated demands for payment, to no avail.

12. Instead of holding the $337,400 in escrow as represented and promised, from in or about August 2014 through in or about March 2016, defendant GAINES spent it on her law firm and personal expenses. Defendant GAINES defrauded Clayton County and Kelete by diverting the money to her own interests, contrary to her representations and promises, by failing to truthfully account for the funds, and by not disclosing to Clayton County and Kelete that she was diverting the money that should have been held in escrow to her own interests. In doing so, defendant GAINES embezzled, stole, obtained by fraud, intentionally misapplied, and without authority knowingly converted the money to the use of herself and her law firm.

13. Beginning in or about March 2016, when payment was demanded, defendant GAINES repeatedly made false representations to Clayton County and Kelete about whether the money was on the way to Kelete, whether she had the money for payment, and whether the money would be paid.

14. In or about March 2016, defendant GAINES caused her paralegal to send false emails to Clayton County, claiming that "the wire is still pending" and that defendant GAINES had a check ready for Kelete's owner. But, as defendant GAINES then well knew, these representations were false. No wires were pending, and no check was ready. Indeed, defendant GAINES had far less than $337,400 in her bank accounts at the time she made these misrepresentations.

15. In or about April 2016, defendant GAINES sent false emails and caused her paralegal to send false emails to Clayton County, claiming that the "wire is stuck," that defendant GAINES was sending money to Kelete, that she was "wiring him funds Monday," that she was "awaiting a call from the bank," that she "is going to check on the wire," that "the bank was holding the wire," that "we have straightened out the issue," and that the "wire should be processed on Monday." But, as defendant GAINES then well knew, these representations were false. No wires were stuck, pending, held, or on the way. Indeed, defendant GAINES had far less than $337,400 in her bank accounts at the time she made these misrepresentations.

16. As part of her scheme to defraud and effort to lull her victims, defendant GAINES continued to make misrepresentations during the later civil action Kelete brought to collect the $337,400 from her. Defendant GAINES gave two

4

sworn depositions, in or about March 2017 and June 2018, in which she was questioned about the funds.

17. On or about March 24, 2017, defendant GAINES lied under oath in deposition. She falsely claimed that she had paid a portion of Kelete's funds to another client, a pastor, in error.

18. On or about June 15, 2018, defendant GAINES again lied under oath in deposition. She again falsely claimed that she had paid a portion of Kelete's funds to another client, a pastor, in error. She further claimed falsely that she had since called the pastor, informed him of her alleged mistake, and been promised by him on numerous occasions that he would return the funds. In truth, as defendant GAINES then well knew, she had not sent Kelete's funds to the pastor in error, and she had not been told by the pastor that he would return the funds.

19. In furtherance of the scheme to defraud, defendant GAINES made false representations designed to lull her victims into a false sense of security and allay their concerns about the defendant's failure to deliver, in an attempt to conceal the defendant's fraud and delay its detection.

### Execution of the Scheme

20. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, defendant GAINES, with intent to defraud, for the purpose of executing the aforesaid scheme and artifice to defraud, caused the following wire communications to be transmitted in interstate commerce:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| 1 | 3/29/2016 | Email from L.B. to B.A. (6:28 pm) |
| 2 | 3/31/2016 | Email from L.B. to B.A. (9:19 am) |
| 3 | 3/31/2016 | Email from L.B. to B.A. (9:29 am) |
| 4 | 3/31/2016 | Email from L.B. to B.A. (4:36 pm) |
| 5 | 4/1/2016 | Email from L.B. to B.A. (4:16 pm) |
| 6 | 4/8/2016 | Email from L.B. to B.A. (11:21 am) |
| 7 | 4/13/2016 | Email from L.B. to B.A. (4:29 pm) |
| 8 | 4/14/2016 | Email from L.B. to B.A. (3:29 pm) |
| 9 | 4/15/2016 | Email from GAINES to B.A. (3:53 pm) |
| 10 | 4/19/2016 | Email from GAINES to B.A. (8:55 am) |

All in violation of Title 18, United States Code, Section 1343.

**Count Eleven**
**(Theft from Local Government Receiving Federal Funds)**

21. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 19 of this Indictment as if fully set forth herein.

22. From on or about March 5, 2015, through on or about March 4, 2016, in the Northern District of Georgia and elsewhere, the defendant, CARLA B. GAINES, being an agent of Clayton County, Georgia, which received federal benefits in excess of $10,000 each year in 2015 and 2016, did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner, and intentionally misapply money and property that was valued at more than $5,000 and owned by, and under the care, custody, and control of, Clayton County.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

## Forfeiture Provision

23. As a result of committing one or more of the offenses alleged in Counts One through Eleven of this Indictment, the defendant, CARLA B. GAINES, shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), including, but not limited to, a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Eleven of this Indictment.

24. If, as a result of any act or omission of defendant GAINES, property subject to forfeiture:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred to, sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property, which cannot be subdivided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek

forfeiture of other property of the defendant up to the value of the forfeitable property described above.

A _TRUE_ BILL

_/s/ Foreperson_
FOREPERSON

BYUNG J. PAK
  *United States Attorney*

_/s/ S.H.M._

STEPHEN H. MCCLAIN
  *Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181